ANNA MURMANN, Administratrix, etc., of GEORGE J. MURMANN, Deceased, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.‡— Judgment affirmed, with costs. This judgment cannot be upheld on the theory that the train was started by Stanley. It appears, however, according to the rules of the defendant, that the conductor of the train was made responsible for its movements. The evidence shows that the conductor was in charge of the train, was seated in the caboose, and was entirely familiar with the surroundings at the time the train was started. Under these circumstances there was a presumption that the train was started by the conductor or by his direction.

* Amd. by Laws of 1918, chap. 130.— [REP.

† Added by Laws of 1928, chap. 532.— [REP.

‡ Affd., 260 N. Y. 589.

The testimony given by the conductor and the other employees, to the effect that the train was started by the direction of Murmann, did not, as a matter of law, rebut the presumption and it became a question of fact for the jury as to whether the train was started by the conductor pursuant to the rules of the defendant. Young, Carswell and Scudder, JJ., concur; Lazansky, P. J., dissents upon the ground that no negligence of defendant was proved; Tompkins, J., dissents and votes for reversal and a dismissal of the complaint, with the following memorandum: The judge charged the jury as to the eight different allegations of negligence stated in the complaint but did not tell what would constitute negligence entitling the plaintiff to a verdict. The jurors were left free to base a verdict upon any or all of the eight specifications of negligence alleged in the complaint. In my opinion, the verdict was contrary to the evidence. Four witnesses testified that Murmann gave the signal for the starting of the train. While they were employees of the defendant, their testimony was not contradicted by any witness, or by any legitimate inference from the evidence, or by the probabilities of the case. I see no good reason for questioning their veracity.